UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROGER L. LYLES,

Plaintiff,

v.

UNKNOWN SCHOLTEN et al.,

Defendants.
________________________________/

Case No. 1:26-cv-829

Honorable Paul L. Maloney

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. This action was initially filed in the District Court for the Eastern District of Michigan and was transferred to this Court on March 13, 2026. (ECF No. 6.) Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2); however, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma*

*pauperis.*[1] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

> which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See, e.g.*, *Lyles v. Pierce*, No. 2:21-cv-255 (W.D. Mich.) (opinion and judgment entered Feb. 1, 2022); *Lyle v. Stahl*, No. 1:97-cv-206 (W.D. Mich.) (opinion and order entered Aug. 22, 1997); *Lyle v. Brazil*, No. 1:96-cv-603 (W.D. Mich.) (order entered Dec. 19, 1996); *Lyle v. McGinnis*, No. 1:95-cv-572 (W.D. Mich.) (opinion and judgment entered Jan. 17, 1996); *Lyle v. Terry L.*, No. 1:94-cv-733 (W.D. Mich.) (opinion and judgment entered May 22, 1995); *Lyle v. Culberson*, No. 2:94-cv-74732 (E.D. Mich.) (order and judgment entered Dec. 30, 1994) *Lyle v. Richardson*, No. 1:93-cv-644 (W.D. Mich.) (opinion and judgment entered Aug. 31, 1993); *Lyle v. Michigan Dep't of Corr.*, No. 2:91-cv-75782 (E.D. Mich.) (order and judgment entered Jan. 30, 1992); *Lyle v. Stroebel*, No. 2:91-cv-71853 (E.D. Mich.) (order and judgment entered April 30, 1991); *Lyle v. Cable*, No. 2:91-cv-71082 (E.D. Mich.) (order and judgment entered March 22, 1991). Although seven of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604.

In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under the three-strikes rule in at least three cases. *See Lyles v. Crosby*, No. 1:10-cv-528 (W.D. Mich.) (opinion and order entered June 10, 2010); *Lyle v. Brown*, No. 1:98-cv-267 (W.D. Mich.) (opinion and order entered April 16, 1998); *Lyle v. Smith*, No. 1:98-cv-90 (W.D. Mich.) (opinion and order entered Feb. 19, 1998).

As explained below, in this action, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). In his complaint, Plaintiff alleges that from the year 2018 through August 2023, Defendant Pierce, an optometrist at Chippewa Correctional Facility, treated Plaintiff's vision issues. (*See* Compl., ECF No. 1, PageID.2, 5.) Plaintiff alleges he "could barely see and experience[d] blurred sight"[2] and disagreed with the course of treatment pursued by Defendant Pierce.[3] (*See id*.) Recently, in April 2025, Plaintiff "underwent cataract and glaucoma surgery for [his] right eye," and "can now see better." (*Id*.) Plaintiff asserts that his successful surgery shows that Defendant Pierce "made false statements, denied eye care treatment, and submitted false document[s]" on unspecified dates regarding his eye treatments. (*Id*.) Plaintiff alleges he could have been without glasses during the period of time he was under Defendant Pierce's care. (*Id*., PageID.6.)

---

[2] In this opinion, the Court corrects the punctuation and capitalization in quotations from Plaintiff's filings.

[3] Plaintiff sued Defendant Pierce in a similar civil rights action in 2021, and Plaintiff's claims against Defendant Pierce were dismissed with prejudice by this Court for failure to state a claim. *See Lyles v. Pierce*, No. 2:21-cv-255 (W.D. Mich.) (opinion and judgment entered Feb. 1, 2022). In this action, Plaintiff alleges that his recent eye surgery constitutes "new evidence" in that dismissed action against Defendant Pierce. (Compl., ECF No. 1, PageID.3.) To the extent that Plaintiff is seeking to relitigate the same claims from his case dismissed in 2022, he may not do so under the doctrine of res judicata. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994).

Plaintiff's complaint also alleges that Defendant Scholten, an optometrist at Richard A. Handlon Correctional Facility, prescribed eye drops for Plaintiff on January 25, 2025. (*See id.*, PageID.1, 5.) Plaintiff was "allergic" to these eye drops and "had an adverse reaction . . . [including] follicular conjunctivitis, extreme redness to both eye[s], watery eyes, . . . and a nose run," for approximately nine months. (*Id.*, PageID.5.) The "off-site eye specialist," discontinued the prescription on October 8, 2025. (*Id.*) Plaintiff alleges he has "not fully recovered" from his reactions to the eye drops and continues to have a "nose run." (*Id.*, PageID.6.)

Plaintiff's allegations fail to warrant an exception to the three-strikes rule. As an initial matter, Plaintiff complains of events that occurred months, if not years, prior to the filing of his complaint. (*Id.*, PageID.5–6.) Plaintiff's complaints relate exclusively to disagreements with the Defendants over his course of medical treatment in the past several years. (*See id.*) Allegations concerning past events are insufficient to invoke an exception to the PLRA's three-strikes rule. *Rittner v. Kinder*, 290 F. App'x 796, 797–798 (6th Cir. 2008). Plaintiff provides no factual allegations to indicate that the issues with his eye treatment are ongoing beyond a continued nose run, and, regardless, Plaintiff does not allege that he was in imminent danger of *serious* physical injury at the time his complaint was filed. *See id.* at 797; *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019) ("A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm.")

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district

court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

Additionally, Plaintiff has filed a motion to lift any stay of proceedings to allow Plaintiff to file additional motions. (ECF No. 5.) As set forth in this opinion, the Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Accordingly, the Court will dismiss Plaintiff's motion to lift any stay of proceedings as moot.

## **Conclusion**

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. Further, the Court will deny Plaintiff's motion to lift any stay of proceedings. (ECF No. 5.) The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[4]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing

[4] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.

fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated: September 8, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge